IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER M. SANDERS, III | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-12-2333 |
| DR. MATERA | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

The above-captioned case was opened upon receipt of correspondence from Plaintiff regarding an institutional rule violation he received which he alleges was retaliatory.[1] ECF No. 1. Although the letters were construed to be a self-represented civil rights claim, Plaintiff does not seek an award of monetary damages nor does he request injunctive relief. Rather, he requests that all recipients of the letters[2] contact the governor of Maryland and the warden of Eastern Correctional Institution (ECI), where he is incarcerated, in an effort to intervene on his behalf and have the disciplinary proceedings against him dismissed without a hearing. In addition, he requests the recipients to arrange to visit him at the prison. *Id.* Plaintiff assures this court, as well as the FBI, that his continued preparation of "Crime Reports"[3] hinges on his ability to stay out of disciplinary segregation.

---

[1] The crux of Plaintiff's claim regarding why the disciplinary violation is improper involves allegations against Dr. Matera. Plaintiff asserts claims regarding Dr. Matera based on rumors and hearsay which simply could not have been verified by Plaintiff or any of his "sources." ECF No. 1.

[2] The letters are addressed to Peter Keisler, Byron Warnken, John Ashcroft, Francis Townsend, Jonathan Turley, Benjamin Civiletti, and the Hon. Benson E. Legg of this court.

[3] Plaintiff has sent this court several handwritten accounts of allegedly unsolved crimes committed in Maryland. As this court does not investigate criminal matters or institute criminal charges against individuals, his letters are forwarded as a courtesy. Plaintiff has been advised in separate correspondence from the court that his reports will no longer be forwarded.

To the extent Plaintiff intends to pursue a claim for damages or injunctive relief for retaliation, he will be required to so inform this court and to supplement this case with a complaint using §1983 forms which will be provided.  In terms of Plaintiff's requests for intervention on his behalf, he is operating under the misguided notion that the function of this court is to act as an advocate for him.  This is not the role of the court and unless Plaintiff intends to pursue a legal claim his correspondence (including the referenced "Crime Reports") should not be directed to any member of the bench of this court or to the Clerk.  At present Plaintiff has no open or pending cases in this court and if he does not provide a timely supplement in this case, this case too will be closed as it does not state a claim upon which relief may be granted.

A separate Order follows.

/s/
_____
William M. Nickerson
United States District Judge

DATED:  August 17, 2012